UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
TODD DORN,                         :
                                   :
    Plaintiff,                     :   Civ. No. 15-6011 (NLH)
                                   :
  v.                               :   OPINION
                                   :
OMAR AGUILAR, et al.,              :
                                   :
    Defendants.                    :
_____:

APPEARANCES:
Todd Dorn, #406042B/776752
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302
    Plaintiff pro se

HILLMAN, District Judge

    Plaintiff Todd Dorn, a prisoner confined at South Woods State Prison in Bridgeton, New Jersey, filed this civil rights action pursuant to 42 U.S.C. § 1983 and submitted an application to proceed in forma pauperis. On August 6, 2015, the Court found Plaintiff's in forma pauperis application to be complete and granted Plaintiff leave to proceed without prepayment of fees. See 28 U.S.C. § 1915. In its Order granting in forma pauperis status, the Court noted that summons would not issue until such time as the Court completed its sua sponte screening.

    The Court has had the opportunity to review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). For the reasons set forth below, the Complaint will be dismissed for failure to state a claim upon which relief will be granted.[1]

## I.  BACKGROUND

In his Complaint, Plaintiff explains that on October 21, 2008, he was in county jail waiting to go to drug treatment when he was advised by his attorney, Harold Kokes, that a conspiracy charge was pending against him. Plaintiff states that he was not provided with any other information regarding this charge. However, he was informed by the court that he could not proceed to the drug program until the pending conspiracy charge was resolved. (Compl. 6, ECF No. 1).

On February 24, 2008, Plaintiff states that he was called to court where he met with his attorney, Omar Aguilar. Plaintiff contends that Mr. Aguilar told Plaintiff that he was charged with conspiracy and distribution of a controlled dangerous substance and that the prosecutor had Plaintiff on a

---

[1] The Court notes that Plaintiff recently filed a separate action pursuant to 42 U.S.C. § 1983 which, likewise, is dismissed for failure to state a claim upon which relief can be granted. See Dorn v. Hughes, et al., No. 15-6094 (NLH) (Aug. 10, 2015).

wire tap. (Compl. 6, ECF No. 1).  Plaintiff states that, Mr. Aguilar informed Plaintiff that he could plead guilty to distribution and proceed to drug court if he admitted that he "got drugs from a man name[d] Michael Thompson." (Id.).  Plaintiff asserts that, despite the fact that he told Mr. Aguilar that he did not know Michael Thompson, Mr. Aguilar advised Plaintiff that he could only proceed to the drug program if he took the plea.  As a result, Plaintiff agreed to the terms of the plea because he "needed to get to [his] children." (Id.).

Plaintiff contends that Mr. Aguilar was ineffective in his representation, thus violating Plaintiff's Sixth Amendment rights. (Compl. 7, ECF No. 1).  Plaintiff specifically argues that Mr. Aguilar failed to get a voice analysis to confirm that it was Plaintiff's voice that was captured on the wire tap. (Id.).  Plaintiff attaches several documents to his Complaint, including: what appears to be the "Statement of Facts" section from a petition for Post-Conviction Relief (Compl. 8-9, ECF No. 1); and a partial transcript from an unidentified court proceeding, (Compl. 10-13, ECF No. 1).

Plaintiff names his public defender, Omar Aguilar, as a defendant in this action.  Although Plaintiff lists the Atlantic County Public Defender's Office in the caption of his Complaint, he does not provide any factual allegations relating to this defendant.

Plaintiff seeks relief "for the five years of incarceration, and the pain and suffering it caused [him] and [his] children[.]" (Compl. 14, ECF No. 1). He values damages at $50,000 per year, for a total of $250,000. (Compl. 15, ECF No. 1). He also seeks punitive damages and $500,000 in attorney's fees. (Id.).

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... . Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "A

4

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  The determination of whether the factual allegations plausibly give rise to an entitlement to relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted).  Thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678 (citations omitted).

In determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, see James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

In general, where a complaint subject to statutory screening can be remedied by amendment, a district court should not dismiss the complaint with prejudice, but should permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson

5

v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (noting that leave to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment"), cited in Thomaston v. Meyer, 519 F. App'x 118, 120 n.2 (3d Cir. 2013); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III. SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

### IV.  ANALYSIS

6

Even construing Plaintiff's pro se submission liberally, there are no factual allegations present in the Complaint which could form the basis of a cause of action under § 1983. Plaintiff has named as defendants in this action his public defender, Omar Aguilar, and the Atlantic County Public Defender's Office. However, public defenders are not "persons" within the meaning of 42 U.S.C. § 1983. See Polk Cnty. v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (holding that a public defender, although paid and ultimately supervised by the state, "does not act under color of state law when performing the traditional functions of counsel to a criminal defendant."); see also Vermont v. Brillon, 556 U.S. 81, 91, 129 S.Ct. 1283, 173 L.Ed.2d 231 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."); Gause v. Haile, 559 F. App'x 196, 198 (3d Cir. 2014); Xenos v. Slojund, 424 F. App'x 80, 81 (3d Cir. 2011) (per curiam) ("A defense attorney 'does not act under color of state law when performing a lawyer's traditional functions as counsel in a criminal proceeding.'" (quoting Polk Cnty., 454 U.S. at 325)); Calhoun v. Young, 288 F. App'x 47, 49 (3d Cir. 2008) (public defender representing criminal defendant is not acting under color of state law).

Plaintiff, therefore, cannot sustain a § 1983 claim against his public defender or the public defender's office because they

were not "acting under color of state law." Accordingly, the Complaint must be dismissed with prejudice.

## V. CONCLUSION

For the reasons set forth above, the Complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) for failure to state a claim. Because any amendment to the Complaint would be futile, the dismissal shall be with prejudice. See Grayson, 293 F.3d at 108 (a district court may deny leave to amend under Rule 15(a) when amendment is futile).

An appropriate Order follows.

                                               ____s/ Noel L. Hillman____
                                               NOEL L. HILLMAN
                                               United States District Judge

Dated: September 1, 2015
At Camden, New Jersey